UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MANUEL ESTRADA CERVANTES (A-Number: 089-956-863),<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-00640-KES-CDB (HC)<br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO ENFORCE<br>(Docs. 19, 20)<br>**14-Day Objection Period** |

Pending before the undersigned is Petitioner Hector Manuel Estrada Cervantes's ("Petitioner") emergency petition for writ of habeas corpus and motion to enforce. (Docs. 19, 20).[1] On July 23, 2026, the presiding district judge referred the emergency petition and motion to enforce to the undersigned for the preparation of findings and recommendations. (Doc. 21). Although Respondents' are within the time permitted to file a response, the undersigned deems a response unnecessary.

## I. Relevant Background[2]

On April 9, 2026, the Court granted in part Petitioner's petition for writ of habeas corpus

[1] The undersigned notes that Petitioner's filings are duplicative.

[2] The undersigned adopts and incorporates the factual background of this action summarized in the April 2, 2026, findings and recommendations. *See* (Doc. 10 at 2-4).

and ordered Respondents to release Petitioner unless they proved by clear and convincing evidence at a bond hearing before a neutral decisionmaker that Petitioner was a flight risk or danger to the community. (Doc. 12 at 3-4). Respondents were ordered to provide Petitioner with 48 hours' written notice before the bond hearing. *Id.* at 4.

Although he acknowledges that a bond hearing in fact was held, on April 30, 2026, Petitioner filed a pleading in which he asserts that he was not provided with 48 hours' notice prior to his bond hearing as required by the Court's April 9, 2026, order. (Doc. 14). On June 22, 2026, the Court construed Petitioner's filing as a motion to enforce the judgment and set a briefing schedule on the construed motion, with Respondents' response due by June 29, 2026, and Petitioner's reply thereto by July 6, 2026. (Doc. 16).

After finding Respondents' failure to timely file a response constituted a non-opposition, on July 6, 2026, the Court granted Petitioner's motion to enforce judgment and ordered Respondents to release Petitioner from custody unless they provide him with a new bond hearing within seven (7) days, and to hand-deliver written notice of the new bond hearing 48 hours prior to the hearing. (Doc. 17).

Thereafter, Respondents filed a notice of compliance in which they represented that Petitioner was provided with a bond hearing on July 13, 2026, and was personally served notice of the bond hearing on July 10, 2026, pursuant to the Court's order. (Doc. 18 at 1) (citing Docs. 18-1 ("Ex. 1"), 18-2 ("Ex. 2")). Respondents represent that Petitioner was denied release on bond because the immigration judge ("IJ") found that the Department of Homeland Security ("DHS") had demonstrated by clear and convincing evidence that Petitioner is both a danger and a flight risk. *Id.* (citing Doc. 18-3 ("Ex. 3") at 1-4). Respondents further represent that Petitioner has until August 12, 2026, to appeal the denial of bond to the Board of Immigration Appeals ("BIA"). *Id.* (citing Ex. 3 at 4).

## II. Governing Authority

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020); *e.g., Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307, at *5 (E.D. Cal. Mar. 13, 2026) (citing *Leonardo v.*

*Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)). This includes the authority to review the IJ's decision for an abuse of discretion and to evaluate whether the standard imposed by the Court's prior order was properly applied at the bond hearing. *Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024) (holding that district courts have habeas jurisdiction to review whether an IJ "erred by applying the wrong burden of proof"); *see Kumar v. Noem*, No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026) ("[T]he Court's analysis [on a motion to enforce judgment] is grounded in the legal standard for reviewing IJ detention determinations."). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but instead determining whether the IJ "applied the correct legal standard." *See Martinez*, 124 F.4th at 785 (citation omitted).

"Generally, in the absence of any red flags," the Court will credit an IJ's statement that she applied the correct burden of proof. *Id*. "But when there is an indication that something is amiss," the Court will "not credit [the] use of a 'catchall phrase' to the contrary." *Id.* "[T]he Court's review is effectively limited to whether the [immigration judge's] decision reflects clear legal error or is unsupported by sufficient evidence." *Kumar*, 2026 WL 983129, at *2 (citations omitted)); *see Benipal v. Rokosky*, No. CV 26-01306 PHX RM (CDB), 2026 WL 1355010, at *9 (D. Ariz. Apr. 24, 2026), *report and recommendation adopted*, No. CV-26-01306-PHX-RM, 2026 WL 1352061 (D. Ariz. May 14, 2026) ("[T]he issue is whether the IJ relied upon proof that—as a matter of law—could not establish that conclusion.").

## III. <u>Discussion</u>

### A. Exhaustion

"Section 2241 … 'does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)). The Ninth Circuit, however, requires that, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez*, 239 F.3d at 1047 (citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997)). "Under the doctrine of exhaustion, 'no one is entitled to judicial relief for a supposed or threatened injury until the prescribed ... remedy has been exhausted.'" *Laing*, 370 F.3d at 997-98 (citing *McKart v. United States*, 395 U.S. 185, 193 (1969)).

"Exhaustion can be either statutorily or judicially required. If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." *Id.* at 998 (citing *El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review,* 959 F.2d 742, 746 (9th Cir. 1991); *Stratman v. Watt,* 656 F.2d 1321, 1325-26 (9th Cir. 1981)). "Although courts have discretion to waive the exhaustion requirement when it is prudentially required, this discretion is not unfettered…. Lower courts … [must] first determin[e whether] the exhaustion requirement has been satisfied or properly waived." *Id.* (internal citations omitted); *see Murillo v. Mathews*, 588 F.2d 759, 762, n.8 (9th Cir. 1978) ("Although the application of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion, it is not lightly to be disregarded.").

As a preliminary matter, the undersigned finds that the prudential exhaustion requirement should be waived for the limited purpose of determining whether the IJ complied with the Court's July 6, 2026, order granting Petitioner's initial motion to enforce and ordering Respondents to provide proper notice, to hold a bond hearing, and detain Petitioner only if Respondents meet their burden to demonstrate that Petitioner is a flight risk or danger to the community by clear and convincing evidence. (Doc. 16); (Doc. 12 at 4); *see Hernandez v. Sessions*, 872 F.3d 976, 998 (9th Cir. 2017) ("[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'") (quoting *Laing*, 370 F.3d at 1000). To the extent Petitioner newly complains that he was deprived of counsel based on his allegations he did not "have enough time" to hire an immigration attorney for the bond hearing noticed for July 13, 2026 (Doc. 20 at 3), the undersigned finds that exhaustion should not be waived as to that claim given Petitioner has until August 12, 2026, to appeal to the BIA in the first instance on these grounds. *Castro-Cortez*, 239 F.3d at 1047; *Laing*, 370 F.3d at 997-98.

**B. Motion to Enforce**

In his motion to enforce, Petitioner contends he was denied bond based on the IJ's finding that he is a danger to the community while that determination was "made without constitutionally required safeguards" such that the denial of bond "cannot support continued detention." (Doc. 20

at 2).

"To determine whether a [noncitizen] is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent." *Martinez*, 124 F.4th at 783 (citing *Matter of Guerra*, 24 I. & N. Dec. 37 (Sept. 28, 2006)). "The nine factors an IJ 'may' consider 'include any or all of the following:' (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States." *Id.*

In his order, the IJ denied bond to Petitioner because DHS "has shown by clear and convincing evidence that [Petitioner] is both a danger and a flight risk." Ex. 2 at 1. As to danger, the IJ found Petitioner's 2023 conviction in federal court—of conspiracy to distribute and possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine—"to be both serious and recent[,]" and that the sentence of imprisonment "to be indicative of the seriousness of his conviction." *Id.* at 2-3. The IJ reasoned Petitioner is a flight risk based on his "long history of violating" federal immigration laws. *Id.* at 3. The immigration therefore concluded that DHS has established by clear and convincing evidence that Petitioner is "such a significant flight risk that no bond or release conditions … could sufficiently mitigate that risk[.]" *Id.*

The Court need not consider the IJ's findings with respect to flight risk in order to uphold the detention order because, here, the undersigned finds that the IJ did not abuse his discretion in properly finding that Petitioner is a danger to the community based on clear and convincing evidence. *See* Ex. 3. The IJ reasonably explained that Petitioner is a danger to the community based on his "serious and recent" 2023 drug conviction and sentence of imprisonment and cited to relevant authorities to demonstrate the seriousness of that conviction. *Cf. Singh v. Warden, Golden*

*State Annex Det. Facility*, No. 1:26-CV-01973-DAD-CSK, 2026 WL 1328588, at *6 (E.D. Cal. May 13, 2026) ("[A]n immigration judge abuses [his] discretion when [he denies] release on bond without any explanation of [his] reasoning in doing so.") (collecting cases). The IJ found Petitioner is a danger after considering Petitioner's argument that he was "entrapped by the government" because, as the IJ explained, the "possible reason for his transgression does not negate the dangerousness of his conduct[.]" Ex. 3 at 2 (citing *Matter of Siniauskas*, 27 I&N Dec. 207, 209 (BIA 2018)).

Separately, the undersigned finds no error as to Petitioner's notice of the hearing. The IJ acknowledged the Court's order for Respondents to provide Petitioner with a new bond hearing within seven days (*i.e.*, by July 13, 2026) with hand-delivered, written notice of the new bond hearing 48 hours prior to the hearing. Ex. 3 at 1. The IJ set forth in his order, consistent with Respondents' representations in its notice of compliance (*see* Doc. 18), that the immigration court served the notice of the hearing on July 7, 2026, for the bond hearing set for July 13, 2026, that a deportation officer hand-delivered the notice to Petitioner over 48 hours prior to the hearing, and that proof of service was filed with the Court (*see* Docs. 18-1, 18-2). *Id.* Additionally, the IJ noted that the applicable burden of proof rested on the government and that DHS met its burden. *Id.*

In sum, the undersigned finds that Respondents complied with the Court's order as Petitioner was properly notified and provided a compliant bond hearing at which the IJ properly found that Petitioner is a danger to the community based on clear and convincing evidence such that bond was denied. Therefore, the undersigned will recommend Petitioner's emergency petition and motion to enforce be denied.

## IV. <u>Conclusion and Recommendation</u>

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's emergency petition for writ of habeas corpus and motion to enforce (Docs. 19, 20) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, the parties may file written objections with the Court. Any objections filed should be captioned, "Objections to Magistrate Judge's Findings

and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 27, 2026**

UNITED STATES MAGISTRATE JUDGE